# STATE OF NEW YORK

# United States District Court
# Western District of New York

**DEBORAH LAUFER, Individually**
                              *Plaintiff,*

vs.                                                    *Case No.: 1:20-cv-00467-LJV*

**WEBBS MOTEL, INC.**                    Assigned Judge:
                              *Defendant.*       Hon. Lawrence J. Vilardo

---

**DEFENDANT WEBB MOTEL, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

ERICKSON WEBB SCOLTON & HAJDU
Paul V. Webb, Jr., Esq., *of Counsel*
***Attorneys for Defendant***
414 East Fairmount Avenue
Post Office Box 414
Lakewood, New York 14750-0414
(716) 488-1178
pvw@ewsh-lawfirm.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... i

STATUTORY AUTHORITY ............................................................... iii

PRELIMINARY STATEMENT ........................................................... 1

BACKGROUND ................................................................................. 1

ARGUMENT ...................................................................................... 4

    <u>Point One</u> – The Plaintiff lacks standing so as to
confer subject matter jurisdiction on this court ................................... 4

CONCLUSION ................................................................................... 9

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                     **<u>Page</u>**

*Access 4 All, Inc. v. Wintergreen Commercial P'ship Ltd.,*
   2005 WL 2989307 (ND TX November 7, 2005)                     7

*Cramer v. Midamco,* 656 F Supp 2d 740 (ND OH 2009)          7

*Deborah Laufer v. 1110 Western Albany LLC,*
   2020 WL 2309083 (US Dis Ct NDNY)                                  4, 5

*Deeper Life Christian Fellowship, Inc. v. Sobol,*
   948 F2d 79 (2d Cir 1991)                                                 8

*Delil v. El Torito Restaurants, Inc.,* 1997 WL 714866
   (ND CA June 24, 1997)                                                   7

*Disabled Patrons of America v. City of Trenton,*
   2008 WL 4416459 (D NJ September 24, 2008)                 7

*Durant Nichols, Houston Hodgson & Cortese Costa P.C.
   v Dupont,* 565 F3d 56 (2d Cir 2009)                              4

*Griffin v. Dept. of Labor Fed. Credit Union,* 912 F3d 649
   (4th Cir 2019)                                                              6

*Harty v. Greenwich Hospitality Group,* 536 F App'x
   154 (2d Cir 2013)                                                        5

*Jones v. Sears Roebuck & Co.,* 2006 WL 2437905              7

*Langan v. Johnson & Johnson Consumer Cos.,*
   897 F3d 88 (2d Cir 2018)                                               5

*Lujan v. Defenders of Wildlife,* 504 US 555 (1992)             4

i

*Norkunas v. Park Road Shopping Center, Inc.,*
    777 F Supp 2d 998 (WD NC 2011)                    8

*Sonterra Capital Master Fund Ltd. v. UBS AG,*
    954 F3d 529 (2d Cir 2020)                         5

*United Food & Commercial Workers Union v.
    Center Mark Props. Meriden Square, Inc.,*
    30 F3d 298 (2d Cir 1994)                          4

# STATUTORY AUTHORITY

| **Statute** | **Page** |
| --- | --- |
| 28 CFR § 36.202(e) | 2 |
| 28 CFR § 36.302(e) | 2 |
| 42 USC § 12181 | 5 |
| Federal Rules of Civil Procedure rule 12(b)(1) | 1 |
| NY Executive Law § 296(2)(a) | 1 |

## PRELIMINARY STATEMENT

This memorandum is submitted in support of Defendant Webb Motel, Inc.'s motion pursuant to Federal Rules of Civil Procedure rule 12(b)(1) to dismiss the Plaintiff's complaint on the grounds that the Federal Court lacks subject matter jurisdiction because the Plaintiff Deborah Laufer lacks standing.

## BACKGROUND

On April 21, 2020, Plaintiff Deborah Laufer filed this action against the Defendant Webb's Motel, Inc.  Plaintiff's complaint alleges two causes of action. In Count 1, Plaintiff asserts a cause of action under the Americans with Disabilities Act (ADA) and in Count 2 an action under the New York State Human Rights Law (NYSHRL), NY Executive Law § 296(2)(a).  (DK1.)

Plaintiff is a resident of Florida who alleged that she is "bound to ambulate in a wheelchair or with a cane or other support, has limited use of her hands" and is "visually impaired." (DK1.)  Plaintiff alleged that "beyond the comfort of her home, [she] must primarily rely on a wheelchair" to ambulate and that she requires an accessible handicap parking space located closest to entrances of a facility. Among other accommodations, Plaintiff requires accessible aisles and doorways with "sufficient width" safe "routes" connecting the handicap spaces, sinks "at the proper height" and "grab bars" both behind and beside a commode so that she can safely transfer.  Plaintiff is also an advocate for the rights of "similarly situated

1

disabled person and a "tester" for the purpose of asserting her civil rights and monitoring, ensuring and determining whether places of public accommodations and their websites are in compliance with the ADA."

Defendant Webb's Motel, Inc. is a family owned business located in the Village of Mayville, Chautauqua County, State of New York. Defendant Webb's Motel maintains an online reservation system where the public may reserve accommodations and review information pertaining to the Webb's Motel property. "Prior to the commencement of this lawsuit, Plaintiff alleged she visited the [online reservation system] for the purpose of reviewing and assessing the accessible features at the property and to ascertain whether it meets the requirements of 28 CFR § 36.302(e) and her accessibility needs."

According to the Plaintiff's complaint, Defendant failed to comply with the requirements of 28 CFR § 36.202(e). Specifically, there was "insufficient information as to whether the rooms or features at the hotel are accessible." Furthermore, "hotel amenities and room types are listed in detail, no information concerning the accessibility to the hotel was provided."

Plaintiff claims that in "the future [she] intends to revisit the Defendant's online reservation system in order to test it for compliance with 28 CFR § 36.302(e) and/or to utilize the system to reserve a guest room. The Plaintiff further

alleges that it would be a "futile gesture to revisit it as long as those violations exist unless she is willing to suffer additional discrimination."

There are no facts alleged in the Plaintiff's complaint that she has visited Webb's Motel in the past as a guest, has ever traveled to Mayville, New York where Webb's Motel, Inc. is located or that she has any reason to seek lodging at Webb's Motel, Inc. at any time in the future. The Plaintiff is simply a "tester" who lives in Florida over 1,000 miles from Webb's Motel, Inc. who makes her living filing lawsuits. The Plaintiff has, in fact, filed 47 almost identical lawsuits in the Western District of New York. A list of the pending lawsuits is attached to the Defendant's motion papers.

The Defendant Webb's Motel, Inc. contends that its website at www.webbsworld.com was reviewed to ensure it complies with the ADA on May 26, 2020. According to the Defendant's President, the site was updated, and the online reservation system complies with the provisions of the ADA.

## ARGUMENT

## POINT ONE

## THE PLAINTIFF LACKS STANDING SO AS TO CONFER SUBJECT MATTER JURISDICTION ON THIS COURT

As a preliminary matter, the court must assess whether it has subject matter jurisdiction over this action. *United Food & Commercial Workers Union v. Center Mark Props. Meriden Square, Inc.,* 30 F3d 298 (2d Cir 1994); *Durant, Nichols, Houston Hodgson & Cortese-Costa P.C. v Dupont,* 565 F3d 56 (2d Cir 2009); *Deborah Laufer v. 110 Western Albany LLC,* 2020 WL 2309083 (US Dis Ct ND NY).

In order to have standing to assert a claim in Federal Court, a Plaintiff must have constitutional standing. Article III, Section 2 of the Constitution limits the jurisdiction of the Federal Courts to resolutions of "cases" and "controversies." That means that a Plaintiff must:

(a) Have suffered a concrete, particularized injury that is not conjecture or hypothetical;

(b) That has been caused by the challenged action of the defendant; and

(c) That is likely and not speculative, meaning that a decision in the plaintiff's favor will, in fact, redress the alleged harm.

*See Lujan v. Defenders of Wildlife,* 504 US 555, 112 S Ct 2130 (1992).

4

To ensure that this bedrock case or controversy requirement is met, courts require that plaintiffs establish their standing as proper parties to bring suit. *Sonterra Capital Master Fund Ltd. v. UBS AG,* 954 F3d 529 (2d Cir 2020); *Langan v. Johnson & Johnson Consumer Cos.,* 897 F3d 88 (2d Cir 2018); *Deborah Laufer v. 110 Western Albany LLC,* 2020 WL 2309083 (US Dis Ct ND NY).

In *Harty v. Greenwich Hospitality Group,* 536 F App'x 154 (2d Cir 2013), the Second Circuit Court of Appeals affirmed the District Court's dismissal of plaintiff's claims under Title III of the Americans with Disabilities Act (ADA), 42 USC § 12181 *et seq.* for lack of subject matter jurisdiction. The Second Circuit, in affirming the District Court's dismissal pursuant to Rule 12(b)(1), concluded that the plaintiff Harty, who was a Florida resident, did not have standing to bring an ADA action against the Greenwich Hospitality Group, who owned the Hampton Inn in Stanford, Connecticut absent evidence of "any concrete plan to stay overnight in Stanford in the future." In this regard, the Second Circuit noted:

> Further, Harty's assertion that he 'constantly travel[s] nationwide and visit[s] gun shows throughout the country' lacks the specificity necessary to establish an ongoing injury caused by the Stamford Hampton Inn's alleged ADA violations. In particular, this claim establishes that Harty travels frequently, **but not that he has any present intentions to travel to Stamford for an overnight visit. Harty's assertion that he**

> **visits public accommodations as an ADA**
> **'tester' is similarly unavailing as it too**
> **lacks the requisite link to Stamford,**
> **Connecticut.** (Emphasis added.)

In the ADA context, the Second Circuit has found standing only when:

(1) The plaintiff alleges past injury under the ADA;

(2) It was reasonable to infer that the discriminatory treatment would continue; and

(3) It was reasonable to infer that he or she intends to return to the public accommodation.

In this case, the Plaintiff Laufer alleged no facts from which you could reasonably infer she intended to, or would visit, or stay at Webb's Motel in Mayville, New York. The complaint also does not allege that the Plaintiff Laufer actually visited Webb's Motel in Mayville, New York or was ever in the general area of Webb's Motel. The Plaintiff, who resides over 1,000 miles away in Pasco County, Florida, has alleged no plausible assertion that a future return to the Defendant's website would be for the purpose of booking a room to stay at Webb's in the Village of Mayville, New York. In the event Plaintiff does return to Defendant's website at www.webbsworld.com, she will find that there is an amenities page that discusses the accessible features of the motel for disabled guests.

In *Griffin v. Dept. of Labor Fed. Credit Union,* 912 F3d 649 (4th Cir 2019), the court held that a plaintiff who was ineligible to be a member of the credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow the plaintiff to avail himself of its services." As in the *Griffin* case, the Plaintiff Laufer did not allege any facts to indicate any plausible assertion that a return by her to the Webb's Motel online reservation system would be for the purposes of actually booking a room to stay at Webb's Motel in Mayville, New York at any time in the future.

It has also been held that a distance of more than 100 miles renders it unlikely that a plaintiff will return to the property and thereby suffer future harm. *See Disabled Patrons of America v. City of Trenton,* 2008 WL 4416459 (D NJ September 24, 2008); *Cramer v. Midamco,* 656 F Supp 2d 740 (ND OH 2009); *Jones v. Sears Roebuck & Co.,* 2006 WL 2437905.

Absent proof from the Plaintiff of a continuing connection to the location, such as family or business ties, courts have generally dismissed tester complaints for failing to meet the third prong of the test that it was reasonable to infer that the plaintiff intended to or would return to the accommodation. *See Delilv v. El Torito Restaurants, Inc.*, 1997 WL 714866 (ND CA June 24, 1997); *Access 4 All, Inc. v.*

7

*Wintergreen Commercial P'ship Ltd.,* 2005 WL 2989307 (ND TX November 7, 2005).

In *Norkunas v. Park Road Shopping Center, Inc.,* 777 F Supp 2d 998 (WD NC 2011), the court also held that a simple averment of an intent to return, without more, is insufficient to confer standing.

In addition, the Defendant's website at <u>www.webbsworld.com</u> currently has an amenities page which describes the accessible features of the motel for disabled guests, and as of May 26, 2020 was determined to meet the ADA requirements, making the Plaintiff's claim moot. *Deeper Life Christian Fellowship, Inc. v. Sobol,* 948 F2d 79 (2d Cir 1991).

## **CONCLUSION**

In this case, the Plaintiff's complaint fails to adequately demonstrate any concrete plan to stay at Webb's Motel in Mayville, New York so as to confer standing on the Plaintiff.  Therefore, this court lacks subject matter jurisdiction, and Defendant's rule 12(b)(1) motion should be granted.

DATED:  July 13, 2020
        Lakewood, New York

                      Respectfully submitted,

                      ERICKSON WEBB SCOLTON & HAJDU

                      By: _____
                         Paul V. Webb, Jr., Esq.
                      ***Attorneys for Defendant***
                      414 East Fairmount Avenue
                      Post Office Box 414
                      Lakewood, New York 14750-0414
                      Telephone: (716) 488-1178
                      pvw@ewsh-lawfirm.com