**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **DEBORAH LAUFER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **Case No. 1:20-cv-00467** |
| **WEBBS MOTEL, INC.** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, by and through undersigned counsel, hereby responds to the Notice Of Supplemental

Authority filed by Defendant.

In *Laufer v. Arpan, LLC*, 1:19-cv-200-AW-GRJ, DE 45 (N.D. Fla. 9/25/20), one court

recently held that Laufer lacks standing unless she intended to book a room at the hotel. Plaintiff

submits that this holding is flawed for many reasons. Indeed, every reason stated by the *Arpan* Court

represents a complete misreading of applicable law

    **A.**    **The *Arpan* Court Misread *Spokeo v. Robins***

First, the *Arpan* Court relied on *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). However,

nowhere in the Court's opinion does it appear that the Court considered *Spokeo*'s express

acknowledgment of a statutory right to informational injury for which no additional injury is required.

Indeed, *Spokeo* supports plaintiff's standing. In *Spokeo*, the Supreme Court held that improper

information which violated the Fair Credit Reporting Act did not, by itself, constitute injury[1].

---

[1]It should be noted that the Fair Credit Reporting Act was intended to protect one class of
persons, debtors, from incorrect information provided to a different class of persons - creditors.
By contrast, in anti-discrimination statutes such as the ADA, the injury occurs when the disabled
person receives the discriminatory information from the defendant that the defendant was legally

However, the *Spokeo* Court specifically recognized the existence of statutes which provide that the

dissemination of improper information constitutes an injury with nothing more required. In this

regard, the *Spokeo* Court stated:

> Just as the common law permitted suit in such instances, the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified. See *Federal Election Comm'n v. Akins*, 524 U. S. 11, 20-25, 118 S. Ct. 1777, 141 L. Ed. 2d 10 (1998) (confirming that a group of voters' "inability to obtain information" that Congress had decided to make public is a sufficient injury in fact to satisfy Article III); *Public Citizen v. Department of Justice*, 491 U. S. 440, 449, 109 S. Ct. 2558, 105 L. Ed. 2d 377 (1989) (holding that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue").

*Spokeo,* 136 S.Ct. At 1549-50.  In the *Akins* decision referenced by *Spokeo*, the Supreme Court, in

turn, referenced *Havens Realty* as follows:

> Indeed, this Court has previously held that a plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publically disclosed pursuant to a statute..... See also *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-374[] (1982) (deprivation of information about housing availability constitutes "specific injury" permitting standing).

*Akins*, 524 U.S. at 21.  Thus, the *Spokeo* Court neither overturned nor narrowed *Havens Realty*, but

instead acknowledged the body of law to which *Havens Realty* belongs.[2]  Indeed, the concurring and

dissenting opinions in *Spokeo* expressly recognized *Havens Realty*. *Spokeo,* 136 S.Ct. at 1553

(Thomas J., Concurring); 136 S.Ct. At 1555 (Ginsburg, J. Dissenting).

> **B.**      **The *Arpan* Court Misread *Carello* And *Griffin***

---

required to provide to the plaintiff.

[2]In *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, passim (11th Cir. 2013), passim, the Eleventh Court found substantial similarities between the operative language of the ADA and the statute at issue in *Havens Realty* with regard to the issue of the lack of any motive or intent requirement of the individual plaintiff.

The *Arpan* Court also mistakenly relied on the Fourth Circuit decision in *Griffin v. Deparment of Labor Federal Credit Union*, and the Seventh Circuit opinion in *Carello v. Aurora Policeman Credit Union*, 930 F.3d 830 (7th Cir. 2019). It is readily apparent from the Court's opinion that it simply failed to fully read either of these cases.

First, the *Arpan* Court overlooked the disclaimer set forth in *Griffin* that its holding was confined to circumstances where the plaintiff was "legally barred" from becoming a member of the defendant's exclusive credit union. *Id*., at 653. The court specifically stated that it was not considering "the rights generally of people with disabilities to sue for Internet-based harms under the ADA". 912 F.2d at 653. The context in which *Griffin* fits in with the law is illustrated by the Seventh Circuit's opinion in *Carello v. Aurora Policemen Credit Union*, 930 F. 3d 830, 832-33 (7thCir. 2019), which followed and expressly stated its holding was "no broader" than *Griffin*. Significantly, the *Carello* Court distinguished itself from the sorts of websites applicable to the case at bar, stating: "Carello does not complain that the Credit **Union withheld information**...."[3] *Id*. at 835 (emphasis added). Thus, the *Carello* Court expressly distinguished the statute at issue therein with the type of statute and regulation at issue in the case at bar - which require the disclosure of certain information and an option to book. Indeed, the *Carello* Court recognized that informational injury is actionable when the defendant fails to provide information to a plaintiff that a law entitles him to obtain and review for some substantive purpose. *Id*. at 835. "Once that occurs, there is no additional requirement that the plaintiff suffer any additional harm beyond his or her failure to receive the information that the law renders subject to disclosure. *Id.*, citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

---

[3]Although the *Arpan* Court cited this passage, at p., 14, it obviously did not understand its meaning.

Specifically, the *Carello* Court stated:

> An informational injury occurs when the defendant refuses to provide the plaintiff with information that a law—typically, a sunshine law—entitles him to obtain and review for some substantive purpose. See, e.g., *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21, 24-25, 118 S. Ct. 1777, 141 L. Ed. 2d 10 (1998) (concluding that voters' inability to obtain information subject to disclosure under the Federal Election Campaign Act of 1971 is a sufficiently concrete injury); *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449, 109 S. Ct. 2558, 105 L. Ed. 2d 377 (1989) (explaining that, to satisfy Article III's injury requirement, advocacy organizations requesting information subject to disclosure under the Federal Advisory Committee Act need only show "that they sought and were denied" the information); *Casillas [v. Madison Ave., Assoc.*, 926 F.3d 329,] 337-38 [(7th Cir. 2019)] ("[Akins and Public Citizen] hold that the denial of information subject to public disclosure is one of the intangible harms that Congress has the power to make legally cognizable." (emphasis omitted)). In such cases, a plaintiff "need not allege any additional harm beyond" his failure to receive information that the law renders subject to disclosure. *Spokeo*, 136 S. Ct. at 1549.

In this regard, *Carello* squarely recognizes a plaintiff's right to sue under this circumstance. The Regulation was promulgated for the purpose of providing a right of this plaintiff and other disabled persons to the right to book a room and further requiring the provision of specific information regarding accessibility at a hotel. Under *Carello* and *Spokeo*, the failure to provide this information gives rise to actionable injury.

### C.    The *Arpan* Court Misread *Havens Realty*

Moreover, the *Arpan* misread *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), in several ways. First, the *Arpan* Court expressed the mistaken notion that *Havens Realty* only recognized standing because one of the plaintiffs was an organization and, therefore, the other individual plaintiffs were irrelevant. There is nothing in *Havens Realty's* opinion that supports this interpretation. To the contrary, the *Havens Realty* Court expressly recognized the right of the individual plaintiffs to sue because the statute gave this right to "any person". The *Havens Realty* Court further recognized that: "Congress has thus conferred on all "persons" a legal right to truthful

information about available housing." *Id*., at 373-74. See also, pp. 374 (recognizing the standing of

individual Coleman).

The *Arpan* Court also attempted to distinguish itself on the basis that the *Havens Realty*

defendants told prospective white renters one thing and prospective black renters another and

reasoned that *Havens Realty* was about intentional discrimination and disparate treatment rather than

informational injury. Again, this interpretation is completely lacking in any legitimate basis and there

is no language in the Supreme Court's opinion to support this conclusion. To the contrary, the

*Havens Realty* Court specifically stated as follows:

> Thus, even though the individual testers had no intention of renting or purchasing a home or
> apartment, "Congress has thus conferred on all "persons" a legal right *to truthful*
> *information* about available housing." *Id.* The Court noted that the statute "establishes an
> enforceable right to *truthful information* concerning the availability of housing....A tester
> who has been the object of a misrepresentation made unlawful under § 804(d) has suffered
> injury in precisely the form the statute was intended to guard against, and therefore   has
> standing to maintain a claim for damages under the Act's provisions. That the tester may have
> approached the real estate agent fully expecting that he would receive *false information*, and
> without any intention of buying or renting a home, does not negate the simple fact of injury
> within the meaning of § 804(d).

*Havens Realty*, 455 U.S. at 373-74 (emphasis added).  In subsequent opinions, the Supreme Court

expressly recognized that *Havens Realty* stands for the proposition that it is about the right to receive

truthful information and that failure in this regard constitutes injury.  In the *Akins* decision, the

Supreme Court referenced *Havens Realty* as follows:

> Indeed, this Court has previously held that a plaintiff suffers an "injury in fact" **when
> the plaintiff fails to obtain information** which must be publically disclosed pursuant to a
> statute..... See also *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-374[] (1982)
> (deprivation of information about housing availability constitutes "specific injury" permitting
> standing).

*Akins*, 524 U.S. at 21 (emphasis added.)

This same point was made in *Havens Realty's* own dissenting opinion.  136 S.Ct. At 1555

(Ginsburg, J. Dissenting)(noting that *Havens Realty* identified the right to truthful information).

Various circuit courts have cited *Havens Realty* in reaching similar conclusions in recognizing

informational injury. See *Ragin v. Harry Maclowe Real Estate* Co., 6 F.3d 898, 904 (2nd Cir.

1993)(black testers had standing to sue over discriminatory advertisement even though they had no

intention of renting apartment); *Watts v. Boyd Properties*, 758 F.2d 1482, 1485 (11th Cir.

1985)(noting *Havens Realty's* holding that plaintiff had right against receiving false information);

*Bensman v. United States Forest Serv.*, 408 F.3d 945, 955-57 (7th Cir. 2005)(surveying cases and

statutes where informational injury is recognized and actionable); *Carter v. Welles-Bowen Realty, Inc.*

553 F.3d 979, 989 (6th Cir. 2009)(discussing informational injury); *Wilderness Soc'y v. Rey*, 622 F.3d

1251, 1258-60 (9th Cir. 2010)(discussing informational injury); *Tandy v. City of Wichita*, 380 F3d

1277, 1290 (10th Cir. 2004)(Title II ADA tester has standing to sue for failure to provide required

information); *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (3rd Cir.

2016)(recognizing intangible harm as including unlawful denial of access to information subject to

disclosure).[4]

In *Ragin*, 6 F.3d at 904, the Second Circuit  applied *Havens Realty* in holding that black

testers (who had no intention of renting a room) had standing over a discriminatory advertisement

contained in a newspaper.

Thus, the *Arpan* Court's reasoning that *Havens Realty* was about  disparate treatment, rather

---

[4]A comparison between the statute at issue in *Spokeo* with the case at bar is appropriate. *Spokeo* involved the Fair Credit Reporting Act, which required that the defendant provide certain accurate information to third party creditors. By contrast, the Regulation and Statute governing this case require that the defendant provide information directly to the plaintiff.

than informational injury, is completely unfounded. In support of this conclusion, the *Arpan* Court stated that Laufer had no right because "[s]he had access to the same information as everyone else." The *Arpan* court did not consider that this analogy would apply equally to all other aspects of the ADA. For example, it can just as easily be observed that disabled persons and non-disabled persons alike would equally encounter such discriminatory violations as missing handicap parking spaces, curb ramps, grab bars, etc.. However, whereas such violations do not discriminate against a non-disabled person who has no need of a handicap parking space, it does discriminate against disabled persons who observe the exact same condition. The only other authority which shared this conclusion is *Hernandez v. Caesars License Co., LLC,* 2019 U.S. Dist. LEXIS 172456, * 10 (N.J. Dist. 2019)(reasoning that *Havens Realty* was about differential treatment), cited by the *Arpan* Court at p. 11.

The reasoning that *Havens Realty* stands only for differential treatment, rather than informational injury is contrary to the weight of authorities. See *Havens Realty*, 455 U.S. at 373-74 (deprivation of plaintiffs' right to truthful information is actionable injury); *Akins*, 524 U.S. at 21(citing Havens Realty on the point that "[i]ndeed, this Court has previously held that a plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publically disclosed pursuant to a statute..... ); *Carello*, 930 F.3d 830 (informational injury occurs when the defendant refuses to provide the plaintiff with information that a law...entitles him to obtain and review for some substantive purpose."

For example, the *Arpan* Court's holding on this point is completely inconsistent with the Second Circuit's Opinion in *Ragin*, 6 F.3d at 904, which involved a discriminatory advertisement. Obviously, the advertisement, placed in a newspaper, was equally visible by both Black and White

persons alike. But whereas seeing the same advertisment did not discriminate against White persons, it did discriminate against Black. A discriminatory hotel online reservations system is no different.

Accordingly, the *Arpan* Court's holding that this Plaintiff has no injury because the hotel's online reservations system gives her the same information as any other member of the general public is unfounded. As explained by the authorities above, the Statute and Regulation impose a requirement that the defendant provide certain information, as well as the option to book, to the plaintiff. Under the case law cited above, the failure to do so gives rise to actionable injury.

### D.    The *Arpan* Court Mistakenly Relied On *Hernandez v. Caesars License*

At p. 11, the *Arpan* Court cited *Hernandez* for the proposition that a person must intend to book a room in order to suffer online reservation injury. However, *Hernandez* is substantially flawed and was never appealed. If it had been, it is dubious that *Herndandez* would have been upheld in light of the body of authorities cited in this Memorandum.  First, the *Hernandez* court did not considered the plain language of the statute, the rules of statutory construction, the overwhelming number of other decisions holding to the contrary, and misinterpreted *Havens Realty* (as discussed *supra*). Second, the *Hernandez* court cited two other court holdings in support of its proposition that intent to book a room is required. However, neither opinion stands for such a holding. One case cited by the *Hernandez* Court is *Juscinska v. Paper Factory Hotel, LLC*, 2019 U.S. Dist. Lexis 92550 (S.D.N.Y. 2019). However, the *Juscinska* court only noted that the plaintiff had the intention of booking a room. It never held that such an intent was required. Noting that the plaintiff intended to book a room is far different from holding that this is a requirement of the law.

The second case cited by the *Hernandez* Court was *Poschmann v. Coral Reef Of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. Lexis 87457  (S.D. Fla. 5/22/18). However, the

*Poschmann* decision actually stated that solely testing a website system for compliance satisfies standing. *Poschmann*, 2018 U.S. Dist. Lexis 87457 at *8 ("Plaintiff intends to return to the Website within thirty days to determine whether the Hotel is accessible to him, and, if so, to reserve a room at the Hotel **_or_ to test the Hotel's Website reservation system for its compliance with the ADA**.")(emphasis added). By this language, the *Poschmann* opinion held the exact opposite of what the *Hernandez* court stated. In sum, the *Hernandez* decision is entirely founded on its own misreading of other cases.

### E.       The *Arpan* Court Misread The Statute By Ignoring Critical Sections

The *Arpan* Court also misread the plain language of the ADA. In this regard, the *Arpan* Court held that:

> Laufer cannot show she suffers the harm the ADA was designed to guard against. The substantive Title III right at issue is the right "to be free from disability discrimination in the enjoyment of the facility." *Houston [v. Marod Supermarkets, Inc.*], 733 F.3d [1323]at 1332 [(11th Cir. 2013)]. The regulation requiring hotels to include certain information on their websites-28 C.F.R. § 36.302(e)(1)—is specifically tied to 42 U.S.C. § 12182, which prevents discrimination in the enjoyment of a facility. There is no standalone right to have certain information on a website.

*Arpan*, at 13. Again, *Arpan* failed to read the applicable law. First, *Marod* involved a plaintiff's visit to a physical facility, rather than a website or other intangible element. Therefore, *Marod*'s reference to the word "facility" was appropriate to its own facts. By contrast *Arpan*'s reference to the same word was not.  Indeed, *Arpan* ignored the Eleventh Circuit's holding that a commercial website is a "service" of the "place of public accommodation". See *Haynes v. Dunkin Donuts, LLC*, 741 Fed. Appx. 752 (11th Cir. 2018)(unpublished opinion).

*Arpan* ignored the other language and provisions of the statute. The general prohibition, set forth at 42 U.S.C. Section 12182(a) provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, **services**, facilities, privileges, advantages, **or** accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

(Emphasis added.) By use of the word "or", Congress clearly intended for the statute to cover both services or facilities. The *Arpan* Court completely ignored the presence of such words as "services" and "or". Moreover, the *Arpan* Court completely ignored the plain language of Section 12182(b)(2)(A) and 12188. Section 12188 expressly gives the right of action to "to any person who is being subjected to discrimination on the basis of disability". Moreover, as the Regulation was promulgated[5] pursuant to 12182(b)(2)(A)(ii), the statute expressly states that failure to comply constitutes "discrimination." Section 12182(b)(2)(A).

Thus, *Arpan*'s opinion that "there is not standalone right to have information on a website" clearly evidences that it did not read, or did not consider, the several passages which in fact establish such right.

## F.      The *Arpan* Court Completely Ignored The Rules Of Statutory Construction

The *Arpan* Court never considered the applicable rules of statutory construction, set forth by the Supreme Court, circuit courts, and is argued in Plaintiff's previously filed Memorandum. As described above, the *Arpan* Court ignored plain language in the statute, such as "services", "or", "discrimination", and "any person subjected to discrimination", or the Regulation itself. It ignored the fact that none of the provisions governing hotel online reservations have any reference to a plaintiff's intent or connection to the facility. Nor did the *Arpan* Court notice that other provisions do indeed

---

[5]The DOJ promulgated 28 C.F.R. 36.302 to carry out the provisions of the ADA. *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. LEXIS 87457 *6 (S.D. Fla. May 23, 2018).

impose such requirements. For example, a plaintiff suing under 12182(b)(1)(A) must be a client or

customer. As another example, a person suing for discriminatory eligibility criteria can only do so if

it prevents him or her "from fully and equally enjoying any goods, services, facilities, privileges, etc."

Thus, the *Arpan* Court's holding is premised on the fact that it ignored plain language of the

Statute and Regulation. Section 12188 gives the right to sue to "any person subjected to

discrimination. Section 12182(b)(2)(A), subparagraph (A)(ii) and the Regulation require hotel online

reservations services to provide certain information to the plaintiff, the violation of which constitutes

"discrimination". Section 12182(a) proscribes deprivation "in the full and equal enjoyment of the ...

services... of any place of public accommodation..."

### G.    The *Arpan* Court Incorrectly Held That Plaintiff Should Have Called The Hotel

The *Arpan* Court also held that the Plaintiff could have called the hotel. *Arpan*, at 14. Again,

*Arpan*'s reasoning is contrary to law. In *Poschman v. Coral Reef Of Key Biscayne Developers, Inc.*,

2018 U.S. Dist. Lexis 87457 (S.D. Fla. 5/22/18), one court rejected such an argument. There, the

defendant had argued that the disabled plaintiff could have called the hotel by telephone or by

emailing the hotel through information on its "Contact Us" tab on the website.  The *Poschmann*

Court rejected this argument, stating:

> The relevant regulation provides that a reservation for an accessible guest room must be able to be made "during the same hours and in the same manner as individuals who do not need accessible rooms." § 36.302(e)(1)(i). Guidance published by the DOJ on the regulation further clarifies its meaning. See *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S. Ct. 2381, 129 L. Ed. 2d 405 (1994) (giving "substantial deference" and "controlling weight" to an agency's interpretation of its own regulations). The guidance provides that "basic nondiscrimination principles mandate that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms. 28 C.F.R. Pt. 36, App. A, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities (Mar. 15, 2011) (hereinafter "DOJ Guidance") (emphasis added)

(rejecting comments by hotels to change language to "in a substantially similar manner" from "in the same manner"). Irrespective of whether individuals seeking to make reservations can do so by telephone or by email, it is readily apparent that individuals seeking to reserve accessible hotel rooms cannot do so on the Website in the same manner — with the same efficiency, immediacy, and convenience — as those seeking to reserve non-accessible guest rooms. § 36.302(e)(1)(I).

2018 U.S. Dist. Lexis 87457 at **10-11.  See also *Juscinska v. Paper Factory Hotel, LLC*, 2019

U.S. Dist. Lexis 92550 **9-10 (S.D.N.Y. 2019)(ability to telephone or email hotel is not "same

manner" and therefore not a viable defense).

**H.      Conclusion**

For the reasons stated above, Arpan's holding is completely flawed.


Respectfully submitted,


By:  /s/Jonathan E. Staehr
Jonathan E. Staehr, Esq.
Of Counsel to Thomas B. Bacon, P.A.
336 Harris Hill Road, Ste. 18
Williamsville, New York 14221
Phone No. (716) 631.7250
Fax No. (716) 929.3333
jstaehr@roadrunner.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020 I electronically filed the foregoing Plaintiff's Response to Notice of Supplemental Authority pursuant to F.R.C.P. 41(a)(1)(A)(i) with the Clerk of the Court by using the CM/ECF System, which sent notice of such filings to all parties.

/s/ Jonathan E. Staehr
Jonathan E. Staehr, Esq.