UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**DEBORAH LAUFER, Individually,**

                              Plaintiff,                    ***SUPPLEMENTAL***
                                                            ***MEMORANDUM***

     -vs-
                                                            *Case No.: 1:20-cv-00467-LJV*

**WEBBS MOTEL, INC.,**

                              Defendant.                    Assigned Judge:
                                                            Hon. Lawrence J. Vilardo

## **DEFENDANT'S SUPPLEMENTAL MEMORANDUM**

Defendant Webbs Motel, Inc. supplements its previous memorandum of law
that was submitted in support of Defendant Webbs Motel, Inc.'s motion pursuant
to Federal Rules of Civil Procedure, Rule 12(b)(1) to dismiss the Plaintiff's
complaint on the grounds that the federal court lacks subject matter jurisdiction
and Plaintiff's claim is moot.

In *Laufer v. Arpan LLC,* CV-200 AW-GRJ, DE (ND FL September 25,
2020), the United States District Court for the Northern District of Florida, citing
the Supreme Court's decision in *Spokeo, Inc. v. Robins,* 136 S Ct 1540 (2016),
dismissed the plaintiff Laufer's case for lack of standing. The *Arpan* court
concluded that Laufer failed to establish she sustained a "concrete and
particularized" injury that is real and not abstract under Article III of the
Constitution. Laufer claimed that her injury – viewing a noncompliant website –

1

constituted a constitutional injury under Article III. The *Arpan* court rejected this argument on the grounds that Laufer had not shown that the violation caused her real harm. The court noted: "Information about a hotel's available rooms does not help those who (like Laufer) have no interest in booking a room." In other words, there is nothing to differentiate Laufer's harm from the harm of any other person who visits the website and discovers noncompliance with the regulations. The *Arpan* court indicated that the Supreme Court, in *Spokeo, Inc. v. Robins,* 136 S Ct 1540 (2016), considered whether a technical violation of a statute constituted a real injury for standing purposes. In this regard, the court stated:

> In *Spokeo, Inc. v. Robins,* the Supreme Court considered whether a technical violation of a statute constituted a real injury for standing purposes. 136 S Ct 1540, 1550 (2016). The plaintiff in *Spokeo* sued under the Fair Credit Reporting Act, claiming a report featured false information about him. *Id.* at 1546. He alleged no harm from the false report, only that the defendant violated the Act. *Id.*

> The court concluded that Article III requires more than a 'bare procedural violation.' *Id.* at 1550. It reasoned that while Congress can elevate an intangible harm to create a statutory right, violation of that right will not confer standing if it is 'divorced from any concrete harm.'

The Supreme Court, in *Spokeo,* however, pointed out that a violation of a procedural violation granted by statute can, in some cases, be sufficient to

constitute injury in fact.  As examples, the *Spokeo* court pointed to its decision in *Federal Election Comm'n v. Akim,* 524 US 11, 118 S Ct 1777 (1998) and *Public Citizens v. Dept. of Justice,* 491 US 440, 109 S Ct 2558 (1989).

In *Akim*, a group of voters brought suit to challenge the Federal Election Commission's ("FEC") determination that the American Israel Public Affairs Committee ("AIPAC") was not a "political committee" under 2 USC § 431(4). *Id.* at 13-14.  If the FEC had ruled AIPAC a political committee, AIPAC would have been required to comply with significant disclosure obligations. *Id.* at 15.  The Supreme Court found that the voters were injured and consequently had standing because the non-disclosure impeded the voters' ability to "evaluate candidates for public office." *Id.* at 21.

In *Public Citizens*, the court determined that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act constituted a sufficient distinct injury to provide standing to sue.

While *Akim* and *Public Citizens* confirm that non-disclosure of information can give rise to an injury-in-fact, they also show that nondisclosure is not an injury in and of itself.  Rather, plaintiffs must show that an alleged non-disclosure actually harms them, as the plaintiffs in *Akim* and *Public Citizens* showed harm to the exercise of their political rights.  This, Laufer has failed to do.

In *Arpan*, as in the Plaintiff Laufer's action against the Defendant Webbs Motel, Inc., there is no injury, as Laufer had no plan or intent to stay or go there. Laufer has shown no "concrete and particularized" injury. Laufer has shown only that the Webbs Motel website omitted information that would be useless to her, as she had no intent to stay at Webbs or visit the area. Because Laufer cannot show harm stemming from Defendant's non-disclosure, she cannot show a concrete injury so as to have standing under Article III of the Constitution.

The *Arpan* court also distinguished the Supreme Court's decision in *Havens Realty Corp. v. Coleman,* 455 US 363 (1982) which Laufer now relies on. In *Havens Realty*, the tester plaintiffs investigated whether defendants were violating the Fair Housing Act through "racial steering." The white plaintiff was told there was availability; the black plaintiff was told there was not. Standing was among the issues in the case, and the court found that the black tester plaintiff had standing, even though she did not intend to rent an apartment. Laufer contends that because the plaintiff in *Havens Realty* had standing when she did not intend to rent an apartment, she also has standing, even though she did not intend to stay at the hotel. In rejecting this argument, the *Arpan* court noted that Laufer's case was different in several ways:

> First, there were multiple plaintiffs in *Havens Realty*. One of the plaintiffs, a non-profit organization had standing because the defendants' racial steering practices

impaired its ability to provide services and
drained its resources. *Id.* at 378-79.
Because standing as to any one plaintiff is
enough, *Rumsfield v. Forum for Acad. &
Institutional Rights, Inc.,* 547 US 47, 52 n2
(2006), the standing of the tester plaintiff
was not essential.

More importantly, though, the *Havens
Realty* defendants intentionally
discriminated against the tester plaintiff
based on racial animus. *Id.* at 373-74. They
told white prospective renters one thing, and
they told black prospective renters a
different (and false) thing. The tester
plaintiff, who was 'the object of a
misrepresentation made unlawful under §
804(d),' thus 'suffered injury in precisely
the form the statute was intended to guard
against.' *Id.* at 373-74. Laufer cannot show
she suffers the harm the ADA was designed
to guard against. The substantive Title III
right at issue is the right 'to be free from
disability discrimination in the enjoyment of
the facility.' *Houston,* 733 F3d at 1332.
The regulation requiring hotels to include
certain information on their websites—28
CFR § 36.302(e)(1)—is specifically tied to
42 USC § 12182, which prevents
discrimination in the enjoyment of a facility.
There is no standalone right to have certain
information on a website.

Moreover—and relatedly—the tester
plaintiff in *Havens Realty* had a
particularized injury: she was directly lied
to and discriminated against. Laufer, on the
other hand, faced no particularized harm.
She had access to the same information as
everyone else.

5

The same result as was reached by the court in *Arpan* was also reached by the United States District Court for the Southern District of New York in *Harty v. West Point Realty,* 2020 WL 4570595 (SD NY August 7, 2020). In *West Point Realty*, the district court granted the defendant's motion pursuant to Rule 12(b)(1) dismissing the plaintiff's complaint for lack of standing. The court concluded that the plaintiff Harty's complaint, which is almost identical to Laufer's complaint against Webbs Motel, Inc., failed to allege factual allegations upon which the court could reasonably infer Harty intended to return to the website to book a room or utilize defendant's services—facts that would support an inference of a "particularized and concrete" inquiry and real threat of future harm. The court noted that "allegations of a procedural violation divorced from any 'concrete harm' " cannot satisfy the injury-in-fact requirement of Article III of the Constitution, citing *Spokeo v. Robbins,* 136 S Ct 1540 (2016).

The plaintiff *Harty* complaint in the *West Point Realty* case is no different than the Plaintiff Laufer complaint against the Defendant Webbs Motel, Inc. Laufer alleged no facts in her complaint against Webbs Motel from which the court could reasonably infer she intended to, or would visit, or stay at Webbs Motel in Mayville, New York. The complaint also does not allege that the Plaintiff Laufer actually visited Webbs Motel in Mayville, New York or was ever in the general area of Webbs Motel. The Plaintiff, who resides over 1,000 miles away in Pasco

County, Florida, has alleged no plausible assertion that a future return to the

Defendant's website would be for the purpose of booking a room to stay at Webbs

in the Village of Mayville, New York.

In *Hernandez v. Caesars License Company LLC,* WL 4894501 (NJ Dist

2019), the district court, as in *West Point Realty* and *Arpan,* granted defendant's

motion to dismiss, pursuant to FRCP 12(b)(1) for lack of subject matter

jurisdiction, as the plaintiff failed to allege a concrete injury so as to have standing

under Article III of the Constitution.  In dismissing plaintiff's complaint, the

Hernandez court noted:

> In this case, Defendant's alleged non-disclosure of accessibility information could conceivably harm a person with disabilities, provided that person was actually looking for a place to stay in Atlantic City. *See, e.g., Juscinska v. Paper Factory Hotel, LLC,* 18-cv-8201 (ALC), 2019 WL 2343306 (S.D.N.Y. June 3, 2019) (denying motion to dismiss Section 36.302(e) claim where plaintiff visited hotel website '[i]n an effort to plan an upcoming 'stay-cation'); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.,* Case No. 17-cv-14363-Middlebrooks, 2018 WL 3387679, at *3 (S.D. Fla. May 23, 2018) (finding plaintiff had standing to bring Section 36.302(e) claim where it was undisputed that plaintiff intended to return to defendant's hotel's website to 'to reserve a room at the Hotel or to test the Hotel's Website reservation system for its compliance with the ADA'). **But Plaintiff is not such a person.  He had**

> **no interest in staying at Harrah's.**
> **Rather, his sole interest in visiting the**
> **Website was to determine if it complied**
> **with the ADA, (FAC at ¶ 18), and there is**
> **no allegation that Defendant's conduct**
> **impeded him in that quest.  Because**
> **Plaintiff cannot show harm stemming**
> **from Defendant's non-disclosure, he**
> **cannot show concrete injury.**  (Emphasis
> added.)

In *Harty v. Greenwich Hospitality Group,* 536 F App'x 154 (2d Cir 2013),

the Second Circuit Court of Appeals affirmed the District Court's dismissal of

plaintiff's claims under Title III of the Americans with Disabilities Act (ADA), 42

USC § 12181 *et seq.* for lack of standing under Article III of the Constitution.  The

Second Circuit, in affirming the District Court's dismissal pursuant to Rule

12(b)(1), concluded that the plaintiff Harty, who was a Florida resident, did not

have standing to bring an ADA action against the Greenwich Hospitality Group,

who owned the Hampton Inn in Stanford, Connecticut absent evidence of "any

concrete plan to stay overnight in Stanford in the future."  In this regard, the

Second Circuit noted:

> **We conclude that Harty has failed**
> **adequately to demonstrate a basis for**
> **inferring that he will return to Stamford,**
> **Connecticut** for an overnight stay.  Harty, a
> Florida resident, claims that he often visits
> his family in Nyack, New York, a short
> distance from Stamford, Connecticut.
> Despite dozens of trips to Nyack **over the**
> **last thirty years, however, Harty specifies**

> **only a single occasion** on which he stayed
> overnight in Stamford—namely the occasion
> giving rise to his complaint.  While he
> asserts that he frequently visits Connecticut
> as part of his travels to Nyack, **moreover,**
> **Harty's complaint does not evidence any**
> **concrete plan to stay overnight in**
> **Stamford in the future.**
>
> **Further, Harty's assertion that he**
> **'constantly** travel[s] nationwide and visit[s]
> gun shows throughout the country' **lacks the**
> **specificity** necessary to establish an ongoing
> injury caused by the Stamford Hampton
> Inn's alleged ADA violations.  (Emphasis
> added.)

The Second Circuit's affirmance of the District Court's determination that

Harty did not have standing is in accord with the District Court's decisions in

*Harty v. West Point Realty, Inc.* and *Arpan*.

It should be noted that the facts alleged by Harty in his complaint to

establish a basis for inferring that he would return to Stamford, Connective for an

overnight stay was considerably more than the facts Plaintiff Laufer alleged in her

complaint against the Defendant Webbs Motel, Inc.

In Plaintiff Laufer's complaint against Webbs Motel, Inc. she alleged

absolutely no facts from which the court could reasonably infer she intended to, or

would, in the future, visit, or stay at Webbs Motel in Mayville, New York.  In

short, the bare allegations of Laufer's complaint against Webbs Motel, Inc. do not

meet the minimum requirements of Article III standing.  Here, Plaintiff Laufer's

sole interest in visiting the Webbs Motel website was to determine if it complied

with the ADA, and there is no allegation that the Defendant's conduct impeded her

in that quest.  Because the Plaintiff Laufer cannot show harm stemming from

Defendant's conduct non-disclosure, she cannot show concrete injury so as to have

standing under Article III of the Constitution.

## **MOOTNESS**

The lawsuit by Deborah Laufer against Webbs Motel, Inc. was filed on April

21, 2020.  (DK1.)  The Defendant Webbs Motel was served on July 2, 2020 with a

summons and complaint that asserted Defendant's website provided insufficient

information as to whether the rooms or features at the hotel are accessible as

required by the ADA.  (DK3.)

In support of Defendant's motion to dismiss pursuant to Rule 12(b)(1) for a

lack of standing, Defendant submitted the affidavit of its President, Darel Webb, in

which he asserted that on May 26, 2020, Webbs Motel website went through an

update, including a review of the ADA accessibility.  (DK4.)  Webbs was advised

that during this update, a number of accessibility issues were addressed and

corrected and that Webbs online reservation system is believed to comply with the

ADA requirements.

Attached to Darel Webbs affidavit was a letter from Elizabeth Gleason

Design Studio LLC dated May 26, 2020 to the Defendant in which she indicated

that "A new ADA/accessibility page was added, listing out the accessible accommodations and amenities, access routes, accessible room features and various other accessible features." (DK4.) Ms. Gleason also indicated that a "Website accessibility plugin has been added to the site to scan the website for any issues going forward. (DK4.) Ms. Gleason advised Webbs that as of May 26, 2020, the system is reporting 0 per cent site issues. The Defendant believes that the accessibility violation alleged by the Plaintiff Laufer, if it existed, was corrected prior to Webbs Motel, Inc. being served with the summons and complaint on July 2, 2020. The case by the Plaintiff Laufer against the Defendant Webbs Motel, Inc. would now appear to be moot so as to deprive the court of subject matter jurisdiction.

A court lacks subject matter jurisdiction in a case brought pursuant to Title III of the ADA if the alleged discriminatory conduct is moot because in that event, there is no longer any case or controversy under Article III. *See Christian v. New York State Bd. of Law Examiners,* 899 F.Supp. 1254, 1256 (S.D.N.Y. 1995). A case becomes moot when the issues presented are no longer alive or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013).

A defendant cannot, however, automatically moot a case by voluntarily ending the unlawful conduct alleged in a plaintiff's complaint. *Id.* Rather, a

request for injunctive relief under the ADA will only be deemed moot if the defendant demonstrates that the alleged wrongful behavior could not reasonably be expected to recur.' *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 190, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

In this case, the Defendant Webbs Motel, Inc. demonstrated that its website is now, according to its President, as shown by the letter from Elizabeth Gleason, ADA compliant with the ADA requirements, and an accessibility plugin was added to the site to ensure future compliance.  Consequently, the wrongful behavior has ceased, making the Plaintiff Laufer's claim moot.

DATED:  October 20, 2020
          Lakewood, New York

                    Respectfully submitted,

                    ERICKSON WEBB SCOLTON & HAJDU

                    By:  _____
                      Paul V. Webb, Jr., Esq.
                    ***Attorneys for Defendant***
                    414 East Fairmount Avenue
                    Post Office Box 414
                    Lakewood, New York 14750-0414
                    Telephone: (716) 488-1178
                    pvw@ewsh-lawfirm.com